INDUSTRIA PANIFICADORA,
S.A., et al., Appellants,

v.

UNITED STATES of America, Appellee,

Lindo Marduro, S.A., et al., Intervenors.

No. 91–5147.

United States Court of Appeals,
District of Columbia Circuit.

March 6, 1992.

Douglas B. McFadden and James A. Kline, Washington, D.C., for appellants.

Jay B. Stephens, U.S. Atty., John D. Bates, R. Craig Lawrence, and Thomas S. Rees, Asst. U.S. Attys., Washington, D.C., for appellee.

Allan I. Mendelsohn and Marvin L. Szymkowicz, Washington, D.C., for intervenors.

Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and D.H. GINSBURG, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

Appellants, Panamanian business enterprises, allege that they suffered property damage during looting that occurred in the wake of the invasion of Panama by United States armed forces in December 1989. In 1990, after exhausting their administrative remedies, appellants brought this action in the United States District Court for the District of Columbia under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350. The complaint charges that appellants' losses were caused by the negligence of U.S. officials who failed to provide adequate police protection during and after the invasion. The district court dismissed the action, holding that the challenged decisions and conduct fell within the "discretionary function" exception to the FTCA, and that the ATCA did not provide an independent waiver of sovereign immunity. Alternatively, the district court ruled that the action presented a nonjusticiable political question. *See*

*Industria Panificadora, S.A. v. United States*, 763 F.Supp. 1154 (D.D.C.1991). The district court, we hold, correctly applied the FTCA's discretionary function exception. We affirm the district court's order on that ground, and express no opinion on that court's alternative, "political question" rationale.

 The discretionary function exception, 28 U.S.C. § 2680(a), shields from tort liability discretionary governmental decisions and actions grounded on considerations of social, economic or political policy, whether at the "planning" or "operational" level. *See United States v. Gaubert*, —— U.S. ——, 111 S.Ct. 1267, 1273–75, 113 L.Ed.2d 335 (1991); *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2764–65, 81 L.Ed.2d 660 (1984). The district court correctly concluded, *see* 763 F.Supp. at 1156–59, that the decisions appellants question concern allocation of military and law enforcement resources, and are therefore sheltered by the exception. *Cf. Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, 1198 (D.C.Cir.1986) (decisions by federal officials deploying personnel in response to a hostage situation); *Monarch Ins. Co. v. District of Columbia*, 353 F.Supp. 1249, 1256–59 (D.D.C.1973) (planning and execution of riot control activities by the National Guard), *aff'd*, 497 F.2d 684 (D.C.Cir.) (table), *cert. denied*, 419 U.S. 1021, 95 S.Ct. 497, 42 L.Ed.2d 295 (1974).

Appellants assert that the United States was under a mandatory duty to provide police protection, imposed by Article 43 of the Convention Respecting the Laws and Customs of War on Land, Oct. 18, 1907, 36 Stat. 2277, T.S. No. 539.* Even if Article 43 applied to U.S. forces in Panama, however, the discretionary function exception would bar recovery, for Article 43 prescribes no specific course of conduct that the government must follow to avert tort liability. *Cf. Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100

L.Ed.2d 531 (1988) (exception does not apply where statute, regulation or policy prescribes a specific course of action); *Allen v. United States*, 816 F.2d 1417, 1421 (10th Cir.1987) (exception applies where statute imposes broad duty, but does not circumscribe discretion in determining how to fulfill that duty), *cert. denied*, 484 U.S. 1004, 108 S.Ct. 694, 98 L.Ed.2d 647 (1988).

 The district court, furthermore, correctly noted that the ATCA itself does not provide a waiver of sovereign immunity. *See* 763 F.Supp. at 1159 n. 6. Finally, because the district court properly ruled that the FTCA's discretionary function exception bars appellants' action, we need not and do not decide whether the "political question" doctrine supplies an alternative ground for dismissal of the case. *See* 763 F.Supp. at 1159–61.

---

* Article 43 provides that an occupying authority must "take all the measures in [its] power to restore, and ensure, as far as possible, public order and safety" in the occupied area. 36 Stat. at 2306.